IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IRISH HOUSTON,                          :
                                        :
     Plaintiff,                         :
                                        :
v.                                      :        CIVIL ACTION 06-0114-M
                                        :
JO ANNE B. BARNHART,                    :
Commissioner of                         :
Social Security,                        :
                                        :
     Defendant.                         :


MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits.  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 14).  Oral argument was waived in this action (Doc. 20).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative action not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born December 5, 1960. At the time of the administrative hearing, Houston was forty-four years old, had some college education (Tr. 449), and had previous work experience as a manager of a Family Dollar Store (Tr. 449). In claiming benefits, Plaintiff alleges disability due to a lower back injury and bilateral carpal tunnel syndrome (Doc. 6).

The Plaintiff filed an application for disability benefits on December 11, 2003 (Tr. 50-53). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Houston was capable of returning to her past relevant work (Tr. 12-20). Plaintiff requested review of the hearing decision (Tr. 10-11) by the Appeals Council, but it was denied (Tr. 6-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Houston alleges that: (1) The ALJ improperly determined that several of her impairments were not severe; (2) the ALJ did not properly

consider the opinions and diagnoses of her treating physician; and (3) the ALJ did not develop a full and fair record (Doc. 6). Defendant has responded to—and denies—these claims (Doc. 11).

Houston's second claim is that the ALJ did not properly consider the opinions and diagnoses of her treating physician, Dr. William S. Fleet (Doc. 6, pp. 9-14).[1]  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2005).

Without summarizing all of the medical records, the Court notes that Dr. Fleet, a neurologist (*see* Doc. 6, p. 13), saw Houston from March 5, 2004 through July 6, 2005 on a regular basis (Tr. 334-45, 370-401, 425-441).  On March 5, 2004, Fleet performed nerve conduction studies and determined that Plaintiff suffered from carpal tunnel syndrome and ulnar neuropathy on the left (Tr. 343).  About two months later, the doctor performed

---

[1] Because the Court finds merit in this claim, it is unnecessary to address Plaintiff's other two claims, though one will be briefly discussed.

[2] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

another set of nerve conduction studies and determined that Houston had moderate carpal tunnel syndrome and moderate ulnar neuropathy on the right (Tr. 395).  On March 2, 2005, the doctor completed a physical capacities evaluation in which he indicated that Plaintiff could not engage in simple grasping, pulling and pulling of arm controls, or fine manipulation with either hand (Tr. 355).  As of his last examination, Dr. Fleet still diagnosed Plaintiff to suffer, *inter alia*, bilateral carpal tunnel syndrome and ulnar neuropathy on the right (Tr. 427).

The ALJ, in discussing the evidence, failed to acknowledge any of Dr. Fleet's medical records except for the opinions he had expressed in completing the physical capacities evaluation and a pain questionnaire (Tr. 18).  The ALJ then dismissed those opinions as they appeared "to be based solely on the claimant's subjective complaints and his perception of what she can and cannot do" (Tr. 18).[3]  The Court further notes that the ALJ gave evidentiary weight to the opinions of an orthopedic doctor who found Houston capable of performing light work (Tr. 19).

The Court finds that the ALJ's opinion is not supported by substantial evidence.  As noted earlier, the ALJ did not acknowledge Dr. Fleet's medical records, including the nerve

---

[3] The Court notes that this is a confusing finding at best.  The doctor's opinions are supposed to be "his perception of what she can and cannot do."

conduction studies he performed; the Court has found no evidence in the balance of the medical record, including those from the orthopedic doctor and her partners, that rebuts these studies or indicate that any other doctor ever treated Houston for carpal tunnel syndrome.  The ALJ did not discuss this impairment at all, even though Dr. Fleet specifically found it limited her ability to perform certain job tasks; the Court notes that Dr. Fleet's opinion strongly suggests that Plaintiff's carpal tunnel syndrome amounts to a severe impairment.[4]  In any event, whether Houston does or does not suffer from this additional severe impairment, it is clear that the ALJ did not properly consider the opinions and conclusions of her treating physician, Dr. Fleet.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to

---

[4] In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2005).  The Eleventh Circuit Appellate Court has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

include, at a minimum, a supplemental hearing for the taking of additional medical evidence.  Judgment will be entered by separate order.

DONE this 20th day of October, 2006.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE