```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

IRISH HOUSTON,                       :
                                     :
     Plaintiff,                      :
                                     :
vs.                                  :     CIVIL ACTION 06-0114-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of                      :
Social Security,                     :
                                     :
     Defendant.                      :
```

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's Joint Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 27) and Defendant's Response to Plaintiff's Petition for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b), in which he notifies the Court that he does not oppose the Petition (Doc. 31). After consideration of all pertinent materials in the file, it is **ORDERED,** without objection by the Government, that Plaintiff's attorney's Joint Petition for Authorization of Attorney Fees be **GRANTED** and that Plaintiff's attorney, Byron A. Lassiter, be **AWARDED** a fee of $1,065.75 for his services before this Court, that Mr. Lassiter be allowed to retain the previously-awarded EAJA fee in the amount of $1,462.50, and that Mr. Lassiter pay to Plaintiff the smaller sum of $1,065.75.

Plaintiff originally hired Brandon Jackson to represent her in connection with her claims for a period of disability and Disability Insurance Benefits. Mr. Jackson subsequently left his

practice to take a job as a State attorney.  Mr. Jackson contacted Mr. Lassiter on October 9, 2006, and referred Plaintiff's action to him.  Messrs. Jackson and Lassiter came to an agreement regarding compensation, Mr. Jackson filed a motion to withdraw, and Mr. Lassiter appeared on behalf of Plaintiff.  The instant Petition is filed on behalf of Mr. Lassiter and Mr. Jackson and the term Petitioner refers to the combination of work performed by both attorneys on behalf of Plaintiff.

The Plaintiff's claims for Disability Insurance Benefits were denied initially and at the hearing level on November 16, 2005.  Plaintiff timely requested review by the Appeals Council, which request was denied on January 26, 2006.  Petitioner timely commenced a civil action in this Court on March 1, 2006.  At that time, it was agreed that Mr. Lassiter would receive twenty-five percent of past-due benefits paid to Plaintiff.  A written contingent fee agreement was executed by Plaintiff on October 24, 2006 (Doc. 27, Ex. C).  For the past approximately 4 years and 6 months, counsel have prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.

The parties filed their briefs and, by Order dated September 5, 2006 (Doc. 12), this action was set for oral argument on October 20, 2006, at 9:30 a.m.  On September 11, 2006, the parties filed their Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 13) and, by Order dated September

12, 2006 (Doc. 14), Judge Steele referred this action to the undersigned Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.  By Order dated October 18, 2008 (Doc. 20), the Court granted the parties' Joint Motion to Waive Oral Argument (Doc. 19) and canceled the hearing.  On October 20, 2006, the Court entered a Memorandum Opinion and Order and Judgment reversing the decision of the Commissioner and remanding this action to the Commissioner for further administrative proceedings (Docs. 21 and 22).

Without the necessity of a supplemental hearing, the ALJ issued a Fully Favorable Decision on September 20, 2007, in which he found that Plaintiff has been disabled since September 3, 2003, and was entitled to benefits under Title II of the Social Security Act.  Petitioner received a copy of Plaintiff's Notice of Award dated January 16, 2008 (Doc. 27, Ex. B) which states that Plaintiff's past-due benefits are $25,463.00 for March 2004 through October 2007.  It further states that the amount of $6,365.75, representing twenty-five percent of Plaintiff's past-due benefits, was withheld for the payment of authorized attorney's fees.  The Notice further stated that attorney's fees in the amount of $5,300.00 were approved for work performed at the administrative levels.  In the instant Petition, Petitioner requests a fee in the amount of $1,065.75 for services before this Court.  The sum of these fees equals twenty-five percent of

Plaintiff's past-due benefits, which is consistent with the agreement between Petitioner and Plaintiff.

Petitioner spent a total of 11.70 hours before this Court and has represented Plaintiff before this Court since 2006, when the complaint for judicial review was filed, without compensation for his time spent before this Court.  Defendant has no objection to the requested fee (Doc. 31).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[1]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid.

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

4

Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  <u>Watford v. Heckler</u>, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); <u>see</u> <u>Meyer v. Sullivan</u>, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to twenty-five percent of the past-due benefits awarded).

    Eleventh Circuit precedent, <u>see</u> <u>Kay v. Apfel</u>, 176 F.3d 1322 (11th Cir. 1999), <u>abrogated by Gisbrecht v. Barnhart</u>, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  <u>Id</u>. at 1327.

    The Supreme Court in <u>Gisbrecht</u>, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, <u>Id</u>. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary

Case 1:06-cv-00114-M   Document 32    Filed 06/17/08   Page 6 of 10

means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding twenty-five percent of the past-due benefits. Within the twenty-five percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822.

In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client. Id. at 1822. By Order and Judgment entered March 12, 2007 (Docs. 25 and 26), the Commissioner was ordered to pay counsel for

6

Plaintiff the amount of $1,462.50 in fees pursuant to EAJA.  In the instant petition, Mr. Lassiter requests the Court to include in its order a provision allowing him to retain the higher amount of $1,462.50, awarded under EAJA, and pay to Plaintiff the smaller sum of $1,065.75.  Because the funds from the EAJA are not derived from the past-due benefits of Plaintiff, an award to Petitioner of the higher amount of $1,462.50 will not result in Plaintiff paying more than twenty-five percent of his past-due benefits for attorney's fees.

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.  See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the

>        attorney will not profit from the
>        accumulation of benefits during the pendency
>        of the case in court.  See Rodriquez v.
>        Bowen, 865 F.2d 739, 746-747 (C.A.6 1989).
>        If the benefits are large in comparison to
>        the amount of time counsel spent on the case,
>        a downward adjustment is similarly in order.
>        See *id.*, at 747 (reviewing court should
>        disallow "windfalls for lawyers"); Wells v.
>        Sullivan, 907 F.2d 367, 372 (C.A.2
>        1990)(same).  In this regard, the court may
>        require the claimant's attorney to submit,
>        not as a basis for satellite litigation, but
>        as an aid to the court's assessment of the
>        reasonableness of the fee yielded by the fee
>        agreement, a record of the hours spent
>        representing the claimant and a statement of
>        the lawyer's normal hourly billing charge for
>        noncontingent-fee cases.  See Rodriquez, 865
>        F.2d at 741.  Judges of our district courts
>        are accustomed to making reasonableness
>        determinations in a wide variety of contexts,
>        and their assessments in such matters, in the
>        event of an appeal, ordinarily qualify for
>        highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the twenty-five percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee

agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed twenty-five percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Petitioner has diligently represented Plaintiff since 2006 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that counsel contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Mr. Lassiter.  The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of

$1,065.75 is reasonable for the services rendered before this Court.

Therefore, it is **ORDERED**, without objection from Defendant, that Plaintiff's attorney's Joint Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee in the amount of $1,065.75 for his services before this Court.  It is **FURTHER ORDERED** that Petitioner be allowed to retain the higher amount of $1,462.50, which sum represents the EAJA fee counsel was previously awarded, and pay to Plaintiff the smaller sum of $1,065.75.

DONE this 17th day of June, 2008.

```
                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE
```